lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KATIE LANE and | ) | |
| SARAH RICE, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|       v. | ) | Case No. 04-4079-JAR |
| | ) | |
| TODD F. SIMON and | ) | |
| STEPHEN E. WHITE, in their official and | ) | |
| individual capacities, | ) | |
| | ) | |
|       Defendants. | ) | |

## MEMORANDUM AND ORDER

      This matter comes before the Court on the United States Court of Appeals for the Tenth

Circuit's order vacating the decision of this Court and remanding with instructions to dismiss

(Doc. 35). Plaintiffs Katie Lane and Sarah Rice have filed a Motion for Leave to File Amended

Complaint (Doc. 36). Defendants Todd Simon and Stephen White have responded with a

Motion to Dismiss the action with prejudice (Doc. 38).

      On June 2, 2005, this Court granted defendants' motion to dismiss under Fed. R. Civ. P.

12(b)(6) (Doc. 22). On appeal, the Tenth Circuit held that because plaintiffs have graduated

from Kansas State University, and no longer serve on the board of the *Collegian*, their claims for

declaratory and injunctive relief are moot.[1] Citing *United States v. Munsingwear, Inc.*,[2] the court

followed the established practice of reversing or vacating the judgment below and remanding

---

[1] *Lane v. Simon*, 495 F.3d 1182, 1186-87 (10th Cir. 2007). A third plaintiff, Ronald Johnson, did not appeal this Court's order of dismissal. *Id.*

[2] 340 U.S. 36, 39 (1950).

with a direction to dismiss.[3]  Because the mootness in this case occurred through "circumstances not attributable to the parties," the court determined that vacatur was in order.[4]

The *Munsingwear* Court stated:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.  That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.[5]

The rationale of vacatur as explained in *Munsingwear* is to protect against future preclusive collateral estoppel effects on the parties to litigation.[6]  Appellate courts vacate unappealable decisions to prevent them from having a preclusive effect, not "to prevent them from having a precedential effect."[7]

Because plaintiffs sought a review on the merits of the adverse ruling below, and are now precluded from that review because of circumstances beyond their control, they will not be forced to acquiesce in this Court's judgment.[8]  This does not mean, however, that these plaintiffs are able to resume litigation where the case left off—the Tenth Circuit unequivocally stated that plaintiffs' claims are moot.  In vacating this Court's order, the Tenth Circuit commented that,

---

[3]*Lane*, 495 F.3d at 1187.

[4]*Id*. (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1977)).

[5]*Munsingwear*, 340 U.S. at 39-40.

[6]*Okla. Radio Assoc. v. FDIC*, 3 F.3d 1436, 1437 (10th Cir. 1993).

[7]*Id*. (quoting *In re Smith*, 964 F.2d 636, 638 (7th Cir. 1992)).

[8]*See Shawnee Tribe v. United States*, 405 F.3d 1121, 1135 (10th Cir. 2005) (citing *Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir. 1995)).

while plaintiffs cannot overcome the mootness of their claims through exceptions to the mootness doctrine or through third-party standing, "[n]othing in the pleadings permits us to conclude that the publisher and current editors are hindered from bringing suit to vindicate their own First Amendment rights."[9]  The court did not remand with instructions that the parties be allowed to amend their pleadings—it remanded with instructions to dismiss.  Clearly, the Tenth Circuit did not, as plaintiffs now argue, order the dismissal of the case in order to clear the path for its continued litigation by these plaintiffs.   Instead, as explained in *Munsingwear*, vacatur and dismissal clears the path for *future* relitigation of the First Amendment issues.[10]

Pursuant to the directive of the Tenth Circuit, the Court dismisses this action as moot, without prejudice.[11]  In light of this disposition, all pending motions are denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed as moot in accordance with the order of the Tenth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to File Amended Complaint (Doc. 36) and defendants' Motion to Dismiss (Doc. 38) are DENIED as moot.

IT IS SO ORDERED.

Dated this 7th day of December 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[9]*Lane*, 435 F.3d at 1187.

[10]*Munsingwear*, 340 U.S. at 39-40.

[11]*See Bank of Nova Scotia, LLC v. Suitt Const. Co., Inc.*, 209 F. App'x 860, 862 (10th Cir. 2006) (vacating and remanding for dismissal without prejudice upon finding appeal was moot); *Wyoming v. U.S. Dept. of Agr.*, 414 F.3d 1207, 1214 (10th Cir. 2005) (same).